RICHARD C. MOSHER          1203-0
JOHN-ANDERSON L. MEYER     8541-0

DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, Hawaiʻi   96813-3689
Telephone:  (808) 524-1800
Facsimile:   (808) 524-4591
E-mail:  dick.mosher@dentons.com
E-mail:  anderson.meyer@dentons.com

Attorneys for Plaintiff
BERKSHIRE HATHAWAY
DIRECT INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| BERKSHIRE HATHAWAY DIRECT INSURANCE COMPANY, a Nebraska corporation,<br><br>Plaintiff<br><br>vs.<br><br>THE KIDANI LAW FIRM, A LAW CORPORATION, a Hawaii corporation,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR DECLARATORY RELIEF; SUMMONS** |

**COMPLAINT FOR DECLARATORY RELIEF**

1

## JURISDICTION AND VENUE

Berkshire Hathaway Direct Insurance Company brings this declaratory judgment action under 28 U.S.C. Section 2201 and Federal Rule of Civil Procedure 57.  The jurisdiction of this Court is based on 28 U.S.C. Section 1332, in that the parties are of diverse State citizenship or jurisdiction and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## THE PARTIES

1. Plaintiff Berkshire Hathaway Direct Insurance Company (hereinafter "Berkshire") is a corporation validly organized and existing under the laws of the State of Nebraska.

2. Plaintiff is informed and believes that Defendant The Kidani Law Firm, A Law Corporation (hereinafter the "Kidani Law Firm") is a corporation validly organized and existing under the laws of the State of Hawai`i.

3. Plaintiff is informed and believes that Grant K. Kidani (hereinafter "Grant Kidani") is a resident of the State of Hawai`i and is the sole owner of the Kidani Law Firm.

## THE UNDERLYING CLAIMS

Berkshire alleges and avers as follows:

4. The Kidani Law Firm has asserted two claims are covered under a Miscellaneous Professional Liability insurance policy issued by Berkshire (hereinafter the "Policy").

5.      The first claim involves allegations made in the U.S. District Court, District of Hawai`i, Amended Complaint, Civil No. 19-00379 in a case entitled *Hannan Ribiyou, et. al. vs. Agu Man, et. al*. (hereinafter "*Hannan*") filed on or about November 18, 2019.  Count II of the *Hannan* Amended Complaint alleges legal malpractice against Grant Kidani.

6.      The second claim involves a subpoena in a Chapter 11 Bankruptcy petition in Hawai`i in a case entitled *In re AguPlus LLC* (hereinafter "*AGU*") filed on or about November 29, 2019.

7.      Berkshire has retained Hawaii legal counsel to represent Kidani in the *Hannan* case, but has not agreed that the matter is covered under the Policy. Berkshire has denied coverage for the *AGU* case.

## THE POLICY

Berkshire alleges and avers as follows:

8.      On October 17, 2019, Berkshire issued a "claims made" Miscellaneous Professional Liability Policy Number N9PL029164 (the "Policy") to the Kidani Law Firm for the policy period 10-18-2019 to 10-18-2020.

9.      Grant Kidani, on behalf of the Kidani Law Firm, applied for and purchased the Policy through an on-line application.  The Policy contains specific requirements that the Kidani Law Firm agrees that statements and representations made in the application are "true, accurate and complete" and that

such statements and representations made in the application are a material inducement for Berkshire to issue the Policy.

## FIRST CAUSE OF ACTION

## DECLARATORY RELIEF ON THE DUTY TO DEFEND AND COVERAGE IN THE *AGU* CASE

10. Berkshire hereby realleges and incorporates by reference the allegations set forth in paragraphs 1-9 above.

11. Berkshire contends there are no valid claims of insurance coverage raised in the *AGU* bankruptcy case because there are no specific claims of professional liability (*i.e.,* "malpractice") that have been made against the Kidani Law Firm.  Grant Kidani's assertions that this is a "derivative" matter or that the parties are using the Bankruptcy Court to possibly circumvent discovery rules in the civil case, do not create coverage under the Policy.

## SECOND CAUSE OF ACTION

## DECLARATORY RELIEF ON THE DUTY TO INDEMNIFY AND PROVIDE COVERAGE OF ALL CLAIMS IN THE *HANNAN* CASE, EXCEPT COUNT II

12. Berkshire hereby realleges and incorporates by reference the allegations set forth in paragraphs 1-11 above.

13. Berkshire alleges that only Count II of the *Hannan* case alleges a "potentially" covered professional liability (*i.e.*, "malpractice") claim, and that its duty to indemnify should be limited to the allegations in Count II, unless and until

4

it is determined that other allegations, if any, in *Hannan* give rise to potential coverage.

14. Count II in the *Hannan* First Amended Complaint states in relevant part as follows:

> Kidani breached his legal duties as AGUPlus's attorney through various self-dealings, theft of corporate opportunities, instigating and facilitating Uehara and Agu Ramen in their breach of the Operating Agreement and Member Purchase Agreement, and fraudulently converting AGUPlus assets, including fraudulently conveying AGUPlus intellectual property to Agu Express, creating a competing ramen restaurant using AGUPlus's trademarks and trade secrets with Defendants Uehara, Agu Ramen, Agu Express, Agu Cupertino, and Angel Capital, eating extensive meals for free at AGUPlus restaurants at the expense of AGUPlus, falsifying documents at the expense of AGUPlus, and falsifying information to AGUPlus's majority member, Hannan.

## THIRD CAUSE OF ACTION

## DECLARATORY RELIEF ON THE DUTY TO DEFEND AND PROVIDE COVERAGE FOR ALL *HANNAN* ACTION CLAIMS

15. Berkshire hereby realleges and incorporates by reference the allegations set forth in paragraphs 1-14 above.

16. Berkshire alleges that one or more provisions of the Policy preclude coverage for some or all of the *Hannan* claims against the Kidani Law Firm, including the Policy exclusion based on knowledge of facts, events, transactions, or Wrongful Acts that present the reasonable likelihood of a claim

5

under the Policy. The Policy provides in relevant part under "**SECTION III – EXCLUSIONS**" as follows:

> **D.** The **Company** is not obligated to pay **Damages** or **Claim Expense** or defend **Claims** based upon, arising out of, directly or indirectly resulting from, in consequence of or in any way involving:
>
>> **1.** Any fact, circumstance, transaction, event or **Wrongful Act** that:
>>
>>> **a.** Before the **First Inception Date** was the subject of any notice of claim or loss, or notice of potential claim or potential loss, given under any other policy of insurance; or
>>>
>>> **b.** Which, as of the **First Inception Date** any **Insured** had knowledge and that was reasonably likely to give rise to a **Claim** that would fall within the scope of the insurance afforded under this policy; or
>>>
>>> **c.** Any other **Wrongful Act** whenever occurring, which together with a **Wrongful Act** described in a. or b. above, constitute one **Wrongful Act** as defined in this Policy.
>>
>> **2.** Any demand, suit or other proceeding pending, or order, decree or judgment entered:
>>
>>> **a.** against any **Insured** on or prior to the **First Inception Date** or any **Wrongful Act**, fact, circumstance or situation underlying or alleged therein; or

      **b.**    any other **Wrongful Act** whenever occurring, which, together with a **Wrongful Act** described in a. above, constitute one **Wrongful Act** as defined in this policy.

17. Grant Kidani, on behalf of the Kidani Law Firm, had prior actual and written knowledge of the claims being made against him in the *Hannan* Amended Complaint prior to applying for the Policy and failed to disclose and/or concealed this material fact in his application for insurance.

18. The above Policy provisions and reasons provide the basis for a declaration for no duty to defend and no coverage.

## FOURTH CAUSE OF ACTION

## DECLARATORY RELIEF ON THE DUTY TO DEFEND AND PROVIDE COVERAGE FOR ALL CLAIMS DUE TO MATERIAL MISREPRESENTATION AND/OR CONCEALMENT ON INSURANCE APPLICATION

19. Berkshire hereby realleges and incorporates by reference the allegations set forth in paragraphs 1-18 above.

20. Berkshire alleges that Grant Kidani had prior actual and written knowledge of the claims being made against him in the *Hannan* Amended Complaint prior to submitting a late night on-line application for insurance and failed to disclose and/or concealed this material fact in his application for insurance on October 17, 2019.

7

21. The official U.S. District Court Docket History in *Hannan* (hereinafter the "*Hannan* Docket") indicates that on October 1, 2019, the plaintiff in that case filed a "Motion for Leave to File First Amended Complaint" (hereinafter the "Motion") containing the malpractice claim against Grant Kidani. The *Hannan* Docket further indicates that at an October 2, 2019 Rule 16 Scheduling Conference, the Court discussed the Motion with the parties and struck it on procedural grounds. On October 9, 2019, the plaintiff re-filed the Motion. A copy of the proposed First Amended Complaint and a redline version of the First Amended Complaint was attached to the Motion, which was served on Grant Kidani, who was counsel for the defendants in the *Hannan* case at the time. The *Hannan* Docket shows the Court granted the Motion on November 12, 2019.

22. Grant Kidani indicated in his October 17, 2019 insurance application he did not currently have malpractice insurance, and responded "0" to the question "How many Professional Liability claims have you had in the past 3 years?".

23. Upon information and belief, and based on the above chronology, Grant Kidani was attempting to obtain malpractice insurance coverage from Berkshire without disclosing the impending First Amended Complaint or the allegations against him contained in the *Hannan* Motion (filed on October 1, 2019 then on October 9, 2019), which was the subject of the *Hannan* case pleadings,

discussions, and/or written communications prior to his October 17, 2019 insurance application.

24. Based on information and belief, Grant Kidani made misrepresentations and/or concealments in the application process with actual intent to deceive or conceal.

25. Grant Kidani's misrepresentations and/or concealment made in the application process materially affected Berkshire's acceptance of the risk and the hazard assumed by issuing the Policy.

26. Based on the foregoing material misrepresentations, upon which Berkshire relied in issuing the Policy, Berkshire requests an order that it has no obligation to defend or provide coverage for any claims under the Policy due to the intentional material misrepresentation and/or concealment of a material fact, and that the Policy may be rescinded and declared void *ab initio*.

## PRAYER FOR RELIEF

WHEREFORE, Berkshire prays for relief as follows:

1. For a judgment that it does not have a duty to defend or provide insurance coverage in the *AGU* bankruptcy;

2. For a judgment that it does not have to defend or provide insurance coverage for any claims in *Hannan*;

3. For its costs and attorneys' fees incurred herein, and,

4. For such other and further relief as the Court may deem just and proper.

DATED: Honolulu, Hawaii, October 9, 2020

/s/ Richard C. Mosher
RICHARD C. MOSHER
JOHN-ANDERSON L. MEYER
Attorneys for Plaintiff
BERKSHIRE HATHAWAY
DIRECT INSURANCE COMPANY

HID 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |  |
|---|---|---|
| *Plaintiff* | ) ) ) ) ) ) ) ) | |
| v. | | Civil Action No. |
| *Defendant* | | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____, a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: