CRAIG K. FURUSHO   1966
Attorney at Law
P.O. Box 2898
Ewa Beach, Hawaii 96706
furusho@aloha.net

And,

MARK S. KAWATA   2622
1221 Kapiolani Blvd., Suite 808
Honolulu, Hawaii 96814
Telephone: (808) 955-2600

Attorneys for Defendant
THE KIDANI LAW FIRM,
A LAW CORPORATION,
A Hawaii Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BERKSHIRE HATHAWAY DIRECT INSURANCE COMPANY, a Nebraska corporation<br><br>Plaintiff,<br><br>vs.<br><br>THE KIDANI LAW FIRM, A LAW CORPORATION, a Hawaii corporation<br><br>Defendant. | CIVIL NO. CV 20-00437 SOM-WRP<br><br>**DEFENDANT THE KIDANI LAW FIRM, A LAW CORPORATION'S ANSWER TO COMPLAINT FOR DECLARATORY RELIEF, FILED OCTOBER 9, 2020; DEMAND FOR JURY TRIAL; CERTIFICATE OF SERVICE**<br><br>*No Trial Date Set* |

# DEFENDANT THE KIDANI LAW FIRM, A LAW CORPORATION'S ANSWER TO COMPLAINT FOR DECLARATORY RELIEF, FILED OCTOBER 9, 2020

Defendant THE KIDANI LAW CENTER, A LAW CORPORATION (hereinafter referred to as "KIDANI LAW CENTER" and/or "Defendant"), by and through their undersigned attorneys, hereby files their *Answer to Complaint for Declaratory Relief,* Filed October 9, 2020, ECF No. 1 (hereinafter "*Complaint*), as follows:

## FIRST DEFENSE

1. The *Complaint* fails to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

### JURISDICTION AND VENUE

2. Defendant does not know of the Plaintiff's State of incorporation and reserves the right to review Jurisdiction and based on the lack of information to confirm at this time, does deny Jurisdiction.

### THE PARTIES

3. Defendant admits paragraphs 1 - 3 of the *Complaint.*

### THE UNDERLYING CLAIMS

4. Defendant admits paragraphs 4 - 6 of the *Complaint.*

5. Defendant denies paragraph 7 of the *Complaint.*

1

## THE POLICY

6. Defendant admits paragraphs 8 - 9 of the *Complaint*.

### FIRST CAUSE OF ACTION

### DECLARATORY RELIEF ON THE DUTY TO DEFEND AND COVERAGE IN THE *AGU* CASE

7. Defendant is without knowledge to confirm or deny as to paragraph 10 of the *Complaint*.

8. Defendant denies paragraph 11 of the *Complaint* as there was no reservation of right as it fully accepted defense and continued premiums and now seeks to prejudice Defendant.

### SECOND CAUSE OF ACTION

### DECLARATORY RELIEF ON THE DUTY TO INDEMNIFY AND PROVIDE COVERAGE OF ALL CLAIMS IN THE *HANNAN* CASE, EXCEPT COUNT II

9. Defendant is without knowledge to confirm or deny as to paragraph 12 of the *Complaint*.

10. Defendant denies paragraphs 13 - 14 of the *Complaint* as there was no reservation of right as it fully accepted defense and continued premiums and now seeks to prejudice Defendant.

## THIRD CAUSE OF ACTION

## DECLARATORY RELIEF ON THE DUTY TO DEFEND AND PROVIDE COVERAGE IN THE *HANNAN* ACTION CLAIMS

11. Defendant is without knowledge to confirm or deny as to paragraph 15 of the *Complaint*.

12. Defendant denies paragraphs 16 - 18 of the *Complaint* as there was no reservation of right as it fully accepted defense in 2019 and continued premiums and now seeks to prejudice Defendant.

## FOURTH CAUSE OF ACTION

## DECLARATORY RELIEF ON THE DUTY TO DEFEND AND PROVIDE COVERAGE FOR ALL CLAIMS DUE TO MATERIAL MISPRESENTATION AND/OR CONCEALMENT ON INSURANCE APPLICATION

13. Defendant is without knowledge to confirm or deny as to paragraph 19 of the Complaint.

14. Defendant denies paragraphs 20 - 26 of the *Complaint*.

## ALL CAUSES OF ACTION

15. Defendant denies each and every allegation of the *Complaint* which is not heretofore specifically admitted and/or asserted.

## THIRD DEFENSE

16. Defendant asserts the defense of lack of jurisdiction and/or venue.

## FOURTH DEFENSE

17. Defendant asserts the defense of good faith and honest intention as it was Plaintiff that pursued the contract and proposals to retain the business of Defendant.

## FIFTH DEFENSE

18. Defendant asserts the defenses of compromise and settlement, discharge and release, accord and satisfaction as the claim was defended without any reservation of rights.

## SIXTH DEFENSE

19. Defendant further asserts all equitable defenses, including but not limited to, the defenses of unclean hands, waiver, set off, estoppel, laches, and accord and satisfaction.

## SEVENTH DEFENSE

20. Defendant asserts the defenses of release, consent and/or waiver as that defense was accepted in December of 2019 without reservation and continued to take the premiums from Defendant and never questioned their duty to defend.

## EIGHT DEFENSE

21. Defendant asserts the defenses that Plaintiff failed to mitigate any alleged injuries or damages to which Plaintiff may be entitled by reason of their acts.

## NINTH DEFENSE

22. Defendant asserts the defenses of negligent misrepresentation, fraud, fraudulent concealment, and/or fraudulent inducement by Plaintiff and/or others.

23. Defendant asserts the defenses of failure of consideration, mistake, undue influence, duress, illegality, impossibility, unconscionability and/or noncompliance with statute.

## TENTH DEFENSE

24. Defendant asserts the defenses of duress, bad faith, unfair dealing, *in pari delicto* and knowledge or acquiescence and collected the premiums through out this Policy period..

## ELEVENTH DEFENSE

25. Defendant asserts the defenses of contributory and/or comparative negligence or other conduct or omissions by Plaintiff and others as the cause of Plaintiff's alleged damages; and further asserts the defense that Plaintiff's

claims are barred, in whole or in part, by the doctrine of express or implied assumption of risk.

**TWELFTH DEFENSE**

26. Defendant asserts the defense that their conduct was reasonable, appropriate and in good faith in the circumstances of the subject transactions and complied with the applicable standards of care.

**THIRTEENTH DEFENSE**

27. Defendant asserts the defense that their conduct was not the proximate cause of Plaintiff's alleged damages.

**FOURTEENTH DEFENSE**

28. Defendant asserts the defense of avoidable consequences.

**FIFTEENTH DEFENSE**

29. Defendant asserts the defense of economic waste and economic loss.

**SIXTEENTH DEFENSE**

30. Defendant asserts the defense that Plaintiff's claims are barred, in whole or in part, by the doctrines of supervening and intervening causes.

**SEVENTEENTH DEFENSE**

31. Defendant asserts the defense of statute of limitations, statute of frauds, failure to join indispensable parties and lack of notice.

**EIGHTEENTH DEFENSE**

32. Defendant reserves his right to assert all applicable defenses as provided by Rule 8(c) of the *Federal Rules of Civil Procedure*, any other applicable rules of court, or statutes, as Defendant may become aware during the course of discovery or trial in this action.

WHEREFORE, Defendant THE KIDANI LAW FIRM, A LAW CORPORATION prays as follows:

1. The *Complaint for Declaratory Relief*, Filed October 9, 2020, filed by Plaintiff BERKSHIRE HATHAWAY DIRECT INSURANCE COMPANY be dismissed with prejudice;

2. That Defendant be awarded their attorneys' fees and costs incurred to defend against this suit; and,

3. That Defendant be awarded any and all other relief as this Honorable Court deems just and proper.

DATED: Honolulu, Hawaii, <u>November 24, 2020</u>.

/s/ CRAIG FURUSHO
CRAIG K. FURUSHO
Attorneys for Defendant
THE KIDANI LAW FIRM,
A LAW CORPORATION,
A Hawaii Corporation

/s/ MARK S. KAWATA
MARK S. KAWATA
Attorney for Defendant
THE KIDANI LAW FIRM,
A LAW CORPORATION,
A Hawaii Corporation

8

CRAIG K. FURUSHO     1966
Attorney at Law
P.O. Box 2898
Ewa Beach, Hawaii 96706
furusho@aloha.net

And,

MARK S. KAWATA      2622
1221 Kapiolani Blvd., Suite 808
Honolulu, Hawaii 96814
Telephone: (808) 955-2600

Attorneys for Defendant
THE KIDANI LAW FIRM,
A LAW CORPORATION,
A Hawaii Corporation

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BERKSHIRE HATHAWAY DIRECT INSURANCE COMPANY, a Nebraska corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE KIDANI LAW FIRM, A LAW CORPORATION, a Hawaii corporation<br><br>Defendant. | CIVIL NO. CV 20-00437 SOM-WRP<br><br>**DEFENDANT THE KIDANI LAW FIRM, A LAW CORPORATION'S DEMAND FOR JURY TRIAL**<br><br>*No Trial Date Set* |

## DEFENDANT THE KIDANI LAW FIRM, A LAW CORPORATION'S DEMAND FOR JURY TRIAL

Comes now Defendant THE KIDANI LAW FIRM, A LAW CORPORATION, by and through their undersigned attorneys, and pursuant to Rule 38(b) of the *Federal Rules of Civil Procedures*, hereby demand a trial by jury on all the issues so triable in the above-captioned action.

DATED: Honolulu, Hawaii, November 24, 2020.

/s/ CRAIG FURUSHO
CRAIG K. FURUSHO
Attorneys for Defendant
THE KIDANI LAW FIRM,
A LAW CORPORATION,
A Hawaii Corporation

/s/ MARK S. KAWATA
MARK S. KAWATA
Attorney for Defendant
THE KIDANI LAW FIRM,
A LAW CORPORATION,
A Hawaii Corporation

2