CRAIG K. FURUSHO   1966
Attorney at Law
P.O. Box 2898
Ewa Beach, Hawai'i 96706
furusho@aloha.net

And,

MARK S. KAWATA   2622
1221 Kapiolani Blvd., Suite 808
Honolulu, Hawai'i 96814
Telephone: (808) 955-2600

Attorneys for Defendant
THE KIDANI LAW FIRM,
A LAW CORPORATION,
A Hawai'i Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BERKSHIRE HATHAWAY DIRECT INSURANCE COMPANY, a Nebraska corporation<br><br>Plaintiff,<br><br>vs.<br><br>THE KIDANI LAW FIRM, A LAW CORPORATION, a Hawai'i corporation<br><br>Defendant. | CIVIL NO. CV 20-00437 SOM-WRP<br><br>**DEFENDANT THE KIDANI LAW FIRM, A LAW CORPORATION'S COUNTERCLAIM AGAINST PLAINTIFF BERKSHIRE HATHAWAY DIRECT INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF, FILED OCTOBER 9, 2020; CERTIFICATE OF SERVICE**<br><br><br>*No Trial Date Set* |

## DEFENDANT THE KIDANI LAW FIRM, A LAW CORPORATION'S COUNTERCLAIM AGAINST PLAINTIFF BERKSHIRE HATHAWAY DIRECT INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF, FILED OCTOBER 9, 2020

COME NOW Defendant THE KIDANI LAW FIRM, A LAW CORPORATION (hereinafter referred to as "KIDANI LAW FIRM" and/or "Counterclaimant KIDANI LAW FIRM"), by and through the undersigned attorneys, hereby sets for the following *Counterclaim* against Plaintiff BERKSHIRE HATHAWAY DIRECT INSURANCE COMPANY (hereinafter referred to as "Plaintiff" and/or "BERKSHIRE" and alleges and avers as follows:

### I. PARTIES

1. Plaintiff BERKSHIRE is a corporation validly organized existing under the laws of the State of Nebraska.

2. Counterclaimant KIDANI LAW FIRM is a corporation organized under the laws of the State of Hawaii.

### II. THE UNDERLYING CLAIMS

3. Counterclaimant KIDANI LAW FIRM asserted two claims are covered under a Miscellaneous Professional Liability issued by Plaintiff BERKSHIRE (hereinafter the "Policy").

4. The first claim involves allegations made in the U.S. District Court, District of Hawai'i, *Amended Complaint*, Civil No. 19-00379 in a case entitled *Hannan Ribiyou, et. al. vs. Agu Ramen, et. al.* (hereinafter "Civil No. 19-

2

00379" and/or "*Hannan* case") filed on or about November 18, 2019. Count II of the *Hannan* Amended Complaint alleges legal malpractice against Grant Kidani (hereinafter "Kidani") of the Kidani Law Firm. The case was tendered and accepted for defense in December of 2019.

5. There was no reservation of rights on the defense of the case and Kidani did follow up and ask BERKSHIRE of the status of the defense over 2019 and into 2020.

6. The second claim involves a subpoena in a Chapter 11 Bankruptcy petition in Hawai'i in a case entitled *In re AguPlus LLC* (hereinafter "*AGU*") filed on or about November 29, 2019.

7. On or about August of 2020, AguPlus did subpoena the files of KIDANI LAW FIRM and, again, this defense was tendered to Plaintiff BERKSHIRE and weekly calls were made to request assistance upon which the adjuster did not make a decision, week after week.

8. Plaintiff BERKSHIRE has retained Hawai'i legal counsel to represent Kidani in the Hannan case in November 2020, but has not agreed that the matter is covered under the Policy. Plaintiff BERKSHIRE has now denied coverage for the *AGU* case to the prejudice of their insured.

## COUNT I
## Bad Faith

9. KIDANI LAW FIRM incorporates by reference the allegations and claims set forth in paragraph 1 through 8 above.

10. BERKSHIRE has acted in continuous bad faith in handling PLAINTIFF's claim in the underlying Civil No. 19-00379 claim because:

   a. BERKSHIRE's agents did not properly assess and advise its Insured of its commitment to provide a full defense under its policy it sold and collected premiums;

   b. At no time did BERKSHIRE indicate there was any issues or concerns of their commitment to provide a full defense of the case without reservations;

   c. BERKSHIRE was fully briefed of the claim when tendered and they failed to fully investigate and provide a vigorous defense for months into the case even though inquiries were made to get updates on the status of their handling of the defense of the case;

   d. BERKSHIRE refused to make a decision to recognize the actions of Hannan by their direct subpoena in the Bankruptcy case as they were debtor in possession, for

the files of KIDANI LAW FIRM, leaving the defense of the critical discovery in a state of prejudice and since August have failed to clearly advise its Insured of their intent until the filing of this new matter;

e. BERKSHIRE intentionally did not respond to email KIDANI LAW FIRM'S email correspondence and requests in a timely manner in bad faith to the extreme detriment of KIDANI LAW FIRM and causing Kidani extreme distress and anxiety;

f. BERKSHIRE'S lack of commitment and advising Kidani that they will provide response on numerous occasions and then fail to respond as actions needed to be taken did, in fact, force Kidani to take action to defend the case and to follow up on the lack of action by BERKSHIRE;

g. BERKSHIRE manipulated the defense of the case by not fully defending and protecting its Insured to the detriment of KIDANI LAW FIRM after they took the premiums and failed to advise its Insured with clarity of their intention to provide a full defense and to protect the interests of KIDANI LAW FIRM; and,

  h. BERKSHIRE failed and refused to disclose to the Insured KIDANI LAW FIRM that they had questions of the defense and never advised the Insured of the concerns or the need to hire separate counsel;

11. BERKSHIRE intentionally and/or recklessly in bad faith, deprived PLAINTIFF of their rightful claim under the Hawai'i Claims procedure in violation of the standards set forth in Hawai'i Revised Statutes § 431:13-103(10) and (11) in handling the pending claim to its own policy holder.

12. Since the inception of this claim, BERKSHIRE has sought to wrongfully deprive the Kidani Law Firm of their rightful benefits in bad faith that it was entitled to under their Insurance Policy to their extreme detriment.

13. As a direct and proximate result, Counterclaimant KIDANI LAW FIRM has suffered consequential, special and general damages to be proven at trial; and further claims punitive damages to be proven at trial.

## COUNT II
## (UNFAIR OR DECEPTIVE BUSINESS PRACTICES)

14. COUNTERCLAIMANT re-alleges and repeat paragraphs 1 through 13 above, as if fully set forth herein.

15. BERKSHIRE has engaged in unfair business practices in their recruiting and handling of KIDANI LAW FIRM's claim when BERKSHIRE DID

solicit the business of KIDANI LAW FIRM, then took their premiums, accepted the claim without any reservation, did not provide a full defense as promised.

16. BERKSHIRE has engaged in unfair business practices when:

   a. BERKSHIRE's agents did not properly assess and advise its Insured of its full commitment to provide a full defense under its policy it sold and collected premiums;

   b. At no time did BERKSHIRE indicate there was any issues or concerns of their commitment to provide a full defense of the case without reservations;

   c. BERKSHIRE was fully briefed of the claim when tendered and they failed to fully investigate and provide a vigorous defense for months into the case even though KIDANI LAW FIRM made inquiries to get updates on the status of their handling of the defense of the case.

   d. BERKSHIRE refused to make a decision to recognize the actions of Hannan by their direct subpoena in the Bankruptcy case for the files of KIDANI LAW FIRM, leaving the defense of the critical discovery in a state of prejudice and since July have failed to clearly advise its Insured of their intent until the filing of this new matter;

e. BERKSHIRE intentionally did not respond to KIDANI LAW FIRM's email correspondence and requests in a timely manner in bad faith to the extreme detriment of KIDANI LAW FIRM and causing Kidani extreme distress and anxiety;

f. BERKSHIRE'S lack of commitment and advising Kidani that they will respond to him on numerous occasions and then failed to respond as actions needed to be taken did, in fact, force Kidani to take action to defend the case and to follow up on the lack of action by BERKSHIRE;

g. BERKSHIRE manipulated the defense of the case by not fully defending and protecting its Insured to the detriment of KIDANI LAW FIRM after they took the premiums and failed to advise its insured with clarity of their intend to provide a full defense and to protect the interests of KIDANI LAW FIRM; and,

h. BERKSHIRE failed and refused to disclose to the Insured KIDANI LAW FIRM that they had questions of the defense and never advised the Insured of their concerns or the need to hire separate counsel;

17. By engaging in the acts described above, BERKSHIRE knowingly utilized unfair business practices in the conduct of its business, in violation of Hawaiʻi Revised Statutes Chapter 480, as further demonstrated by its active noncompliance with HRS § 431:13-103(10) and (11) in handling the pending claim.

18. As a result of the unfair business practices committed by BERSHIRE, Kidani Law Firm has been injured and is entitled to compensatory damages trebled, together with reasonable attorneys' fees and costs.

19. As a direct and proximate result of the unfair claims practices and unfair business practices, the Kidani Law Firm demands treble damages, attorney's fees and costs and all other remedies provided by the Hawaiʻi Revised Statutes.

### III. PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaimant THE KIDANI LAW CENTER, prays that judgment be entered in their favor and against Plaintiff/Counterclaim Defendant BERKSHIRE HATHAWAY DIRECT INSURANCE COMPANY as follows:

1. That Defendant/Counterclaimant be awarded general, special, compensable and punitive damages on the Counts herein to be proven at trial;

2. In the alternative, Defendant/Counterclaimant be awarded treble damages;

3. That Defendant/Counterclaimant be awarded their attorneys' fees and costs incurred to defend against this suit; and,

4. That Defendant/Counterclaimant be awarded any and all other relief as this Honorable Court deems just and proper.

DATED: Honolulu, Hawaii, December 3, 2020.

/s/ CRAIG FURUSHO
CRAIG K. FURUSHO
Attorneys for Defendant
THE KIDANI LAW FIRM,
A LAW CORPORATION,
A Hawai'i Corporation


/s/ MARK S. KAWATA
MARK S. KAWATA
Attorney for Defendant
THE KIDANI LAW FIRM,
A LAW CORPORATION,
A Hawai'i Corporation

CRAIG K. FURUSHO   1966
Attorney at Law
P.O. Box 2898
Ewa Beach, Hawai'i 96706
furusho@aloha.net

And,

MARK S. KAWATA   2622
1221 Kapiolani Blvd., Suite 808
Honolulu, Hawai'i 96814
Telephone: (808) 955-2600

Attorneys for Defendant
THE KIDANI LAW FIRM,
A LAW CORPORATION,
A Hawai'i Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BERKSHIRE HATHAWAY DIRECT INSURANCE COMPANY, a Nebraska corporation<br><br>Plaintiff,<br><br>vs.<br><br>THE KIDANI LAW FIRM, A LAW CORPORATION, a Hawai'i corporation<br><br>Defendant. | CIVIL NO. CV 20-00437 SOM-WRP<br><br>**CERTIFICATE OF SERVICE;** [DEFENDANT THE KIDANI LAW FIRM, A LAW CORPORATION'S COUNTERCLAIM AGAINST PLAINTIFF BERKSHIRE HATHAWAY DIRECT INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF, FILED OCTOBER 9, 2020] |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 3, 2020, one (1) copy of the foregoing documents were duly served on the following at their last known address(es) in the manner indicated below:

**ECF/CM**

(XXX)      **DENTONS US LLP**
RICHARD C. MOSHER, ESQ.
JOHN-ANDERSON L. MEYER, ESQ.
1001 Bishop Street, Suite 1800
Honolulu, Hawai'i 96813-3689
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
dick.mosher@dentons.com
john-anderson.meyer@dentons.com

Attorneys for Plaintiff
BERKSHIRE HATHAWAY
DIRECT INSURANCE COMPANY

(XXX)      **DENTONS US LLP**
MENGMENG ZHANG, ESQ.
One Mark Place, Spear Tower
Suite 2400
San Francisco, CA 94105
Telephone: (415) 267-4000
mengmeng.zhang@dentons.com

*Pro Hac Vice* Attorney for Plaintiff
BERKSHIRE HATHAWAY
DIRECT INSURANCE COMPANY

*Signatures on Following Page*

DATED: Honolulu, Hawaii, December 3, 2020.

/s/ CRAIG FURUSHO
CRAIG K. FURUSHO
Attorneys for Defendant
THE KIDANI LAW FIRM,
A LAW CORPORATION,
A Hawai'i Corporation

/s/ MARK S. KAWATA
MARK S. KAWATA
Attorneys for Defendant
THE KIDANI LAW FIRM,
A LAW CORPORATION,
A Hawai'i Corporation