| | |
|---|---|
| RICHARD C. MOSHER | 1203-0 |
| JOHN-ANDERSON L. MEYER | 8541-0 |
| MENGMENG ZHANG | (*pro hac vice*) |

DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, Hawai'i  96813-3689
Telephone:  (808) 524-1800
Facsimile:   (808) 524-4591
E-mail: dick.mosher@dentons.com
E-mail: anderson.meyer@dentons.com
E-mail: mengmeng.zhang@dentons.com

Attorneys for Plaintiff
BERKSHIRE HATHAWAY
DIRECT INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| BERKSHIRE HATHAWAY DIRECT INSURANCE COMPANY, a Nebraska corporation,<br><br>Plaintiff<br><br>vs.<br><br>THE KIDANI LAW FIRM, A LAW CORPORATION, a Hawaii corporation,<br><br>Defendant. | Case No. CV 20-00437 SOM-WRP<br><br>**PLAINTIFF BERKSHIRE HATHAWAY DIRECT INSURANCE COMPANY'S AMENDED ANSWER TO DEFENDANT THE KIDANI LAW FIRM, A LAW CORPORATION'S COUNTERCLAIM, FILED DECEMBER 3, 2020 [Dkt. 20]; CERTIFICATE OF SERVICE**<br><br>Judge:  Magistrate Judge Wes Reber Porter<br><br>Trial Date:  December 7, 2021 |

**PLAINTIFF BERKSHIRE HATHAWAY DIRECT INSURANCE COMPANY'S AMENDED ANSWER TO DEFENDANT THE KIDANI LAW FIRM, A LAW CORPORATION'S COUNTERCLAIM, FILED DECEMBER 3, 2020**

Plaintiff BERKSHIRE HATHAWAY DIRECT INSURANCE COMPANY (hereinafter "BHD"), by and through its counsel, Dentons US LLP, hereby answers Defendant THE KIDANI LAW FIRM, A LAW CORPORATION's (hereinafter the "Kidani Law Firm") Counterclaim, filed December 3, 2020 ("Counterclaim") in this action.  Unless indicated otherwise, each paragraph below responds to the allegations set forth in the corresponding paragraph of the Counterclaim bearing the same number.

## PARTIES

1. BHD admits the allegations in Paragraph 1.

2. BHD admits on information and belief the allegations in Paragraph 2.

## THE UNDERLYING CLAIMS

3. BHD admits the allegations in Paragraph 3.

4. BHD admits that the first claim involves allegations made in the U.S. District Court, District of Hawai`i, Amended Complaint, Civil No. 19-00379 in a case entitled *Hannan Ribiyou, et al. vs. Agu Man, et. al.*, filed on or about November 18, 2019, and that Count II of the *Hannan* Amended Complaint alleges legal malpractice against Grant Kidani.  BHD denies the remaining allegations in Paragraph 4.

5. The allegations in Paragraph 5 contain legal conclusions to which no response is required. To the extent a response is deemed required, BHD denies the allegations therein.

6. BHD admits the allegations in Paragraph 6.

7. BHD lacks information and knowledge to form a reasonable belief as to the truth of the allegations in Paragraph 7 and, on that basis, BHD denies them.

8. BHD admits that it has retained Hawai`i legal counsel to represent Kidani in the *Hannan* case, but has not agreed that the matter is covered under the Policy, and has denied coverage for the *AGU* case. BHD denies the remaining allegations in Paragraph 8.

## COUNT I
### Bad Faith

9. BHD repeats and incorporates by reference its responses to Paragraphs 1 through 8 as if set forth fully here.

10. BHD denies allegations in Paragraph 10 and each of its subsections (a) through (h), inclusive. To the extent the allegations in Paragraph 10 and its subsections contain legal conclusions, no response is required. To the extent a response is deemed required, BHD denies the allegations therein.

11. The allegations in Paragraph 11 contain legal conclusions to which no response is required. To the extent a response is deemed required, BHD denies the allegations therein.

12. The allegations in Paragraph 12 contain legal conclusions to which no response is required. To the extent a response is deemed required, BHD denies the allegations therein.

13. The allegations in Paragraph 13 contain legal conclusions to which no response is required. To the extent a response is deemed required, BHD denies the allegations therein.

## COUNT II
## Unfair or Deceptive Business Practices

14. BHD repeats and incorporates by reference its responses to Paragraphs 1 through 13 as if set forth fully here.

15. The allegations in Paragraph 15 contain legal conclusions to which no response is required. To the extent a response is deemed required, BHD denies the allegations therein.

16. BHD denies allegations in Paragraph 16 and each of its subsections (a) through (h), inclusive. To the extent the allegations in Paragraph 10 and its subsections contain legal conclusions, no response is required. To the extent a response is deemed required, BHD denies the allegations therein.

17. The allegations in Paragraph 17 contain legal conclusions to which no response is required. To the extent a response is deemed required, BHD denies the allegations therein.

18. The allegations in Paragraph 18 contain legal conclusions to which no response is required. To the extent a response is deemed required, BHD denies the allegations therein.

19. The allegations in Paragraph 19 contain legal conclusions to which no response is required. To the extent a response is deemed required, BHD denies the allegations therein.

With respect to the Counterclaim's Prayer for Relief, BHD denies that the Kidani Law Firm is entitled to any relief as set forth therein. As for separate and distinct affirmative defenses, BHD alleges as follows:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### (Failure to State a Claim)

The Counterclaim and each purported claim for relief therein fails to state facts sufficient to constitute a claim for relief against BHD.

### SECOND DEFENSE
### (Waiver)

The Counterclaim is barred in whole or in part by the doctrine of waiver.

### THIRD DEFENSE
### (Estoppel)

The Counterclaim is barred in whole or in part by the doctrine of estoppel.

## FOURTH DEFENSE
### (Unclean Hands)

The Counterclaim is barred in whole or in part by the doctrine of unclean hands.

## FIFTH DEFENSE
### (Laches)

The Counterclaim is barred in whole or in part by the doctrine of laches.

## SIXTH DEFENSE
### (Accord and Satisfaction)

The Counterclaim is barred in whole or in part by the doctrine of accord and satisfaction.

## SEVENTH DEFENSE
### (Good Faith of BHD)

BHD's conduct was reasonable and in good faith, hence not tortious.

## EIGHTH DEFENSE
### (Failure to Mitigate Damages)

The Counterclaim is barred in whole or in part by the Kidani Law Firm's failure to mitigate damages or to take such actions as are reasonably necessary to mitigate or avoid any such alleged damages.

## NINTH DEFENSE
### (Consent and/or Authorization of the Kidani Law Firm)

The Kidani Law Firm consented to and/or authorized all conduct and/or omissions of BHD alleged in the Counterclaim.

## TENTH DEFENSE
### (Active Fault of the Kidani Law Firm)

The Counterclaim is barred in whole or in part by the Kidani Law Firm's active fault.

## ELEVENTH DEFENSE
### (Comparative Fault)

The Counterclaim is barred in whole or in part and/or the Kidani Law Firm's recovery is reduced because the Kidani Law Firm's alleged damages resulted from the Kidani Law Firm's comparative fault.

## TWELFTH DEFENSE
### (Misrepresentation)

The Counterclaim is barred in whole or in part to the extent the Kidani Law Firm negligently or intentionally misrepresented, failed to disclose, or concealed any facts material to BHD.

## THIRTEENTH DEFENSE
### (Contributory Negligence)

The Counterclaim is barred in whole or in part by the Kidani Law Firm's contributory negligence.

## FOURTEENTH DEFENSE
### (Fault of Others)

The Kidani Law Firm's damages, the fact and extent of which BHD denies, were either wholly or partially caused by and/or contributed to by the fault of others, whether that fault be the proximate result of intentional conduct,

7

negligence, breach of contract, or any other type of fault, of persons, firms, corporations, or entities other than BHD, for which BHD is not responsible.  Such intentional conduct, negligence, or fault bars recovery against BHD or comparatively reduces BHD's percentage of fault or negligence, if any.

### FIFTEENTH DEFENSE
### (No Causation)

The Kidani Law Firm is entitled to no relief from BHD because the Kidani Law Firm sustained no injury, damage, or loss by reason of any conduct, act, error, or omission on BHD's part.

### SIXTEENTH DEFENSE
### (Assumption of Risk)

The Kidani Law Firm knew, or in the exercise of reasonable care should have known, the risks of the matters alleged in the Counterclaim.  The Kidani Law Firm knowingly and voluntarily assumed and accepted such risks, and any damages allegedly caused by BHD's conduct were the proximate result of the Kidani Law Firm's assumption and acceptance of such risks.

### SEVENTEENTH DEFENSE
### (Intervening Cause)

The Kidani Law Firm's damages, the fact and extent of which BHD denies, were proximately caused by intervening, superseding, and/or supervening acts for which BHD has no liability.

15805983\000001\116237814\V-1-12/21/20

## EIGHTEENTH DEFENSE
### (Ratification of Conduct)

With full knowledge of all facts in any way connected with or relating to the matters alleged in the Counterclaim, the Kidani Law Firm duly ratified, acquiesced, and/or confirmed in all respects the conduct and/or omissions of BHD alleged in the Counterclaim.

## NINETEENTH DEFENSE
### (Obligations Limited to the Policy Terms)

BHD's obligations, if any, to the Kidani Law Firm are governed and limited by the terms, definitions, exclusions, conditions, and limitations contained in the policy and endorsements ("the Policy") at issue in the Counterclaim.

## TWENTIETH DEFENSE
### (Claims Barred by Contract Provisions)

The Counterclaim is barred in whole or in part by the express provisions of the Policy.

## TWENTY-FIRST DEFENSE
### (No Coverage for Claimed Losses)

The Counterclaim is barred in whole or in part to the extent it seeks payment, reimbursement, contribution, or indemnification for, or is based on, a loss the Policy does not cover, or is excluded from coverage under the Policy's terms, exclusions, conditions and limitations.

## TWENTY-SECOND DEFENSE
### (The Kidani Law Firm's Claim Raised Genuine Issues)

The Kidani Law Firm should take nothing pursuant to the Counterclaim because its claim raised genuine issues and/or disputes as to BHD's duties, if any, under the Policy, and BHD reasonably believed in the validity of these issues and/or disputes.

## TWENTY-THIRD DEFENSE
### (Lawful)

BHD's alleged acts, conduct, and/or omissions were lawful, privileged, and/or justified.

## TWENTY-FOURTH DEFENSE
### (No Entitlement to Attorneys' Fees)

The Kidani Law Firm has stated no basis to recover attorneys' fees from BHD.

## TWENTY-FIFTH DEFENSE
### (No Punitive Damages)

The Counterclaim fails to state facts sufficient to entitle the Kidani Law Firm to punitive damages.

## TWENTY-SIXTH DEFENSE
### (Unconstitutionality of Punitive Damages)

The Kidani Law Firm's claim for punitive damages is barred because the Hawai`i punitive damages statute is unconstitutional under the United States and Hawai`i Constitutions in that, among other things, it is void for vagueness,

10

violates the equal protection clause, due process clause, contract clause, and/or Eighth Amendment proscription against excessive fines, and imposes an undue burden on interstate commerce.

### TWENTY-SEVENTH DEFENSE
**(Right to Assert Additional Defenses)**

BHD reserves the right to allege additional affirmative defenses as it discovers facts or circumstances supporting those affirmative defenses through discovery or otherwise.

WHEREFORE, BHD prays for judgment as follows:

1. That the Kidani Law Firm take nothing by way of its Counterclaim;

2. That the Counterclaim be dismissed with prejudice and judgment be entered in favor of BHD;

3. That BHD be awarded costs and attorneys' fees incurred in this action; and

4. For such other and further relief as this Court deems just and proper.

DATED:  Honolulu, Hawaii, December 21, 2020.

> /s/ Richard C. Mosher
> RICHARD C. MOSHER
> JOHN-ANDERSON L. MEYER
> MENGMENG ZHANG
> Attorneys for Plaintiff
> BERKSHIRE HATHAWAY
> DIRECT INSURANCE COMPANY

15805983\000001\116237814\V-1-12/21/20